UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CLAVIN KINNEY,            )
                          )
            Petitioner,   )
    vs.                   )   Case No. 1:15-cv-364-WTL-DKL
                          )
BRIAN SMITH,              )
                          )
            Respondent.   )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

For the reasons explained in this Entry, the petition for writ of habeas corpus of Calvin Kinney must be **denied**.

**Background**

The pleadings in the expanded record in this action for habeas corpus relief establish the following:

1. Calvin Kinney is a convicted offender in the custody of the Indiana Department of Correction.

2. On August 3, 2014, Kinney was charged in No. IYC 14-08-50 with violating prison rules through his attempted or aiding and abetting in possession of a cell phone.

3. Kinney was notified of the charge and his procedural rights. He attended a hearing conducted on September 4, 2014, and made a statement concerning the charge. The hearing officer considered to Kinney's statement, along with the other evidence, and found Kinney guilty of the charged misconduct.

    4.    The finding of guilt was affirmed in the course of the administrative appeal.

## Discussion

The disciplinary proceeding described above resulted in a sanction which will extend the anticipated duration of Kinney's confinement. Kinney asserts that the disciplinary proceeding described above is tainted by constitutional error and seeks to remedy that error through the issuance of a writ of habeas corpus.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). In a setting such as presented by Kinney, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Kinny received all the process to which he was entitled associated with the proceeding which is challenged here. That is, the charge was clear and adequate notice was given. In addition, (1) Kinny was given the opportunity to appear before the hearing officer and make a statement concerning

the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

Kinney's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. His claim of irregularities in following proper procedures does not support the award of relief under § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). Additionally, Kinney's claim of bias is without merit because federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *United States v. Armstrong,* 517 U.S. 456, 464 (1996). Kinney has not met this burden. A conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 562 and 571; *see also Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation."). None of Kinney's arguments, moreover, establish that he was prejudiced. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was

no constitutional infirmity in the proceeding which entitles Kinney to the relief he seeks. Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 6/8/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CLAVIN KINNEY
157998
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168